PER CURIAM.
This is an appeal from an order granting summary final judgment in a breach of surety contract case. We reverse.
Appellee Vento bought an interest in a real estate limited partnership called Crossings at Oakbrook Limited Partnership [hereinafter “Crossings”] through his personal stockbroker. Vento executed a promissory note in the amount of $94,464 to obtain his partnership interest. Appellant Fireman’s Insurance issued an investors’ bond indemnification guaranteeing Crossings’s lender the payments due under the promissory note. When Vento stopped paying on the note, Fireman’s, as surety, made payments on Vento’s behalf. Fireman’s then filed suit to recover payments it made.
Vento answered seeking rescission of the underlying contract he entered into with the Crossings. He raised affirmative defenses including fraudulent representation by his stockbroker and the limited partnership’s failure to register under Florida law. Vento then moved for summary judgment. The only proof offered by Vento in his motion was a certificate from the state insurance commissioner stating that the securities of the Crossings had not been registered pursuant to section 517.07, Florida Statutes (1989). The court granted the motion on that basis. The order rescinded the underlying security transaction between Vento and the Crossings and discharged Vento from any further liability on the promissory note and investors’ bond. Fireman’s filed a motion for rehearing, a supplemental affidavit and amended pleadings, but all were denied.
It was error to enter summary judgment for the following reasons. First, there remains a question of fact as to whether Fireman’s was a seller of the limited partnership interest Vento purchased. Unless, it was a seller, it would not be subject to the provisions of section 517.07. See Schneberger v. Wheeler, 859 F.2d 1477 (11th Cir.1988) (bank which loaned money to limited partnerships based on the security to be provided by promissory notes of investors and letters of credit issued by the bank was not an offerer, seller, or agent of the seller of the limited partnership for purposes of liability under sections 517.07 and 517.301), cert. denied, 490 U.S. 1091, 109 S.Ct. 2433, 104 L.Ed.2d 989 (1989). Moreover, section 517.07 contains various exceptions and exclusions which may protect Fireman’s should it be found to have been a seller.
Second, in its order, the trial court rescinded the underlying securities contract without requiring the joinder of the Crossings. This was error since the Crossings, as a party to the transaction, is indispensable to any claim seeking the transaction’s rescission.
Third, it was error to deny Fireman’s the opportunity to amend its complaint to set forth the defense that Vento waived any claims he might have against Fireman’s by express contractual provision in the surety bond. See In re Gas Reclamation, Inc., 733 F.Supp. 713 (S.D.N.Y.1990), reconsidered and expanded, 741 F.Supp. 1094 (S.D.N.Y.1990), appeal dismissed, 924 F.2d 448 (2d Cir.1991); cf. Bankers Trust Co. v. Litton Sys., Inc., 599 F.2d 488, 490-91 (2d Cir.1979).
Based on the foregoing, the order is reversed and the cause remanded for further proceedings consistent with this opinion.