592 So.2d 1261 (1992)
Fred D. ALLMAN and Barbara Allman, Appellants,
v.
Norma WOLFE, Louis Mintrone and Karen Mintrone, Appellees.
No. 91-00367.
District Court of Appeal of Florida, Second District.
February 7, 1992.
*1262 James W. Kaywell of Wititzky & Wititzky, Punta Gorda, for appellants.
Thomas W. Garrard, Punta Gorda, for appellee Norma Wolfe.
No appearance for appellees Louis Mintrone and Karen Mintrone.
PARKER, Judge.
Fred D. Allman and Barbara Allman appeal a final summary judgment which dismissed Louis Mintrone and Karen Mintrone as parties. We reverse, concluding that the Mintrones are indispensable parties.
In 1989, Fred Allman entered into an agreement for deed with the Mintrones to purchase a residence. The agreement provided that the Mintrones would convey fee simple title in the property to Mr. Allman by warranty deed after he performed his covenants under the agreement. In 1990, Fred Allman and Barbara Allman assigned their interests in the agreement for deed to Norma Wolfe, and Wolfe agreed to assume and perform all duties and obligations owed by Mr. Allman under the terms of the agreement for deed. The Allmans, the Mintrones, and Wolfe signed the assignment. In addition to the assignment, the Mintrones executed a document releasing Mr. Allman from all duties and obligations owing under the agreement for deed.
Wolfe thereafter filed a complaint against Mr. Allman, seeking damages and rescission of the assignment of agreement for deed. Mr. Allman filed a motion to dismiss, alleging that Wolfe failed to join indispensable parties, namely Barbara Allman, Louis Mintrone, and Karen Mintrone. Mr. Allman attached a copy of the executed assignment of agreement for deed to his motion. The trial court granted the motion to dismiss the complaint. Wolfe subsequently filed an amended complaint against the Allmans and the Mintrones, which alleged that Mr. Allman made false representations to her about the property that she had purchased. Wolfe further alleged that the Mintrones are the record title holders of this property; thus, they are subject to Wolfe's unrecorded equitable interest.
The Mintrones filed their answer, admitting that there was an agreement for deed between Mr. Allman and the Mintrones for the property and that there was an assignment of interest from the Allmans to Wolfe. They further admitted that they "are the record title holders of this property." Shortly thereafter, the Mintrones filed a motion for final summary judgment, contending that the pleadings and documents of record showed "that there is no issue as to any material fact regarding [them]," and that no cause of action against them was stated in either law or fact. Thus they asserted that they were entitled to judgment as a matter of law. The trial court granted the Mintrones' motion for summary judgment.
The Allmans contend, and Wolfe agrees, that the Mintrones, as holders of *1263 legal title to the property and parties to the assignment of the agreement for deed, are indispensable parties to this action; therefore, the court erred in dismissing them. We agree. "As a general rule an indispensable party is one whose interest in the subject matter is such that if he is not joined a complete and efficient determination of the equities and rights between the other parties is not possible." Grammer v. Roman, 174 So.2d 443, 445 (Fla. 2d DCA 1965) (citations omitted). In an action for rescission of a transaction, the parties to the transaction are indispensable. Fireman's Ins. Co. of Newark, N.J. v. Vento, 586 So.2d 89 (Fla. 3d DCA 1991); Coast Cities Coaches, Inc. v. Whyte, 130 So.2d 121 (Fla. 3d DCA 1961).
In the instant case, Wolfe prayed for rescission of the transaction. The Allmans, the Mintrones, and Wolfe were all parties to the transaction. In fact, the Mintrones had signed a document releasing the Allmans from the duties and obligations under the agreement for deed. Accordingly, we conclude that the Mintrones are indispensable parties to this transaction.
Reversed and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN, J., concur.