PATTERSON, Acting Chief Judge.
Allen Damron Construction Company (Damron) appeals from an adverse final judgment entered on Ronnie and Gloria Mickens’ counterclaim. We reverse because the relief provided in the final judgment is not supported by the pleadings or the evidence and was not requested by either party.[1]
This controversy arises from a contract between Damron and the Mickens for the construction of a single family residence on land the Mickens owned. To facilitate financing of the project, Damron obtained from the Mickens a quit-claim deed to their lot and-used that deed to obtain a construction loan in Damron’s name from Chase Federal Bank, FSB. Damron gave Chase a promissory note and first mortgage on the property, which Chase recorded.
During the course of construction, irreconcilable differences arose between the parties and, when the house was completed, Damron sued the Mickens for specific performance *1175 and breach of contract. The Mickens responded with a multi-count counterclaim which sought various types of relief, including damages and cancellation of the quitclaim deed.
At the conclusion of a nonjury trial, the trial court held the quit-claim deed to be “void ab initio,” finding that Damron had obtained it by fraud and that it was not executed in compliance with section 689.01, Florida Statutes (1995). The court then determined that “equity requires a remedy fashioned to justly compensate the Mickens for their damages but allow Damron Construction to extricate itself from a situation caused by its actions and obtain what financial benefit it might from the sale of the lot and residence.” The court ordered Damron to purchase for the Mickens a residential lot of their choice for the sum of not less than $60,000.[2] Upon the closing of the selected lot, the Mickens were ordered to transfer the original lot and house back to Damron. We can understand the difficulty presented to the trial court in presiding over this case. The Mickens changed lawyers several times and on occasions appeared pro se. The record is replete with unnecessary motions and hearings which consumed the trial court’s time and would explain the trial court’s frustration. We cannot, however, affirm a judgment unsupported by the record and objected to by both parties. We therefore reverse and remand for the entry of a new judgment which is supported by the record.[3] Although not raised by either party, we bring to the trial court’s attention that, if it again bases its final judgment on the determination that the deed is void, Chase (or its successors in interest) is an indispensable party to the action.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.

. Although the Mickens have not cross-appealed this issue, they did protest the trial court's disposition in their postjudgment motion for reconsid--eration and clarification.

. The original value of the Mickens’ lot was $25,-000. The court later clarified the $60,000 amount by saying it included the Mickens’ attorney’s fees. No hearing was held to determine attorney’s fees.

. The record is silent as to the disposition of Damron’s original lawsuit.