890 So.2d 1139 (2004)
Ronnie MICKENS and Gloria J. Mickens, Appellants,
v.
ALLEN DAMRON CONSTRUCTION CO., Appellee.
No. 2D03-4550.
District Court of Appeal of Florida, Second District.
December 3, 2004.
Rehearing Denied January 12, 2005.
*1140 Ronnie Mickens and Gloria J. Mickens, pro se.
Mark M. Schabacker of Mark M. Schabacker, P.A., Tampa, and Benjamin W. Hardin, Jr., of Hardin & Murphy, P.A., Lakeland, for Appellee.
PER CURIAM.
Ronnie Mickens and Gloria J. Mickens, husband and wife, appeal from a final judgment awarding damages totaling $234,854.64 to Allen Damron Construction Co. The damages were imposed as a sanction because Mr. and Mrs. Mickens refused to permit a court-ordered inspection of a residence. We affirm.
This case has a long and tortured history, and this is not its first visit to this court. We will not revisit the entire case history. In 1998 a final judgment was entered in favor of the Mickenses against Damron. The Mickenses claimed damages resulting from the events surrounding the construction of their home by Damron. The circuit court found that Damron had committed fraud in procuring a quitclaim deed from the Mickenses and awarded relief including damages, fees, costs, and a requirement that Damron purchase a new lot for the Mickenses; in return, the Mickenses were to deed Damron the lot and the allegedly improperly constructed house. On appeal, this court reversed. Allen Damron Constr. Co. v. Mickens, 725 So.2d 1174 (Fla. 2d DCA 1998). Thereafter, a successor circuit judge again entered a final judgment against Damron Construction, ordering the rescission of the construction contract but also requiring the Mickenses to pay reasonable costs of materials and labor supplied in the home's construction. Damron Construction was to convey the property and improvements to the Mickenses. The appeal of that judgment resulted in an affirmance in which a concurring opinion correctly predicted that a third appeal would occur. Mickens v. Allen Damron Constr. Co., 773 So.2d 1194 (Fla. 2d DCA 2000).
On remand after the second appeal, the circuit court sought to establish the reasonable amount to be paid by the Mickenses to Damron Construction to implement the terms of the final judgment. To that end, the trial court established procedures for the inspection of the home and scheduled an evidentiary hearing. When Damron and its expert appeared for the court-approved inspection, the Mickenses denied them access to the property. The court held a show cause hearing, and in granting the motion to compel access to the home, the circuit court also expressly retained jurisdiction to impose sanctions should the Mickenses again deny Damron entry onto the property. Following the hearing, Mr. Mickens was heard to threaten anyone coming on the property with bodily harm. In view of this threat, Damron's expert expressed his fear and refused to inspect the premises. Damron claimed that Mr. Mickens's threat effectively precluded its ability to establish the amount of this claim. The court granted the motion and determined that the sanction of a final judgment awarding damages (based upon an earlier appraisal of the house performed by the Mickenses' expert) was appropriate.
After thoroughly reviewing the record, we cannot hold that the trial court erred. We affirm.
WHATLEY, NORTHCUTT, and CASANUEVA, JJ., Concur.