ALTENBERND, Judge.
 

 Ronnie and Gloria J. Mickens appeal an order dismissing their lawsuit for failure to prosecute. Because dismissal was not appropriate under Florida Rule of Civil Procedure 1.420(e), we reverse.
 

 This case arises out of a contract between Mr. and Mrs. Mickens and Alen Damron Construction Company to build a home on property owned by Mr. and Mrs. Mickens. At one point, a circuit court judge concluded that Alen Damron Construction Company committed fraud to procure a quitclaim deed of the property from Mr. and Mrs. Mickens and to encumber the property. The ensuing dispute led to three separate circuit court case numbers and included a variety of parties. The cases were consolidated, and then perhaps “unconsolidated,” although the court order in this latter regard is confusing and internally contradictory. Two of these cases appear to have been resolved by the entry of judgments against Mr. and Mrs. Mickens, but the circuit court case number underlying this appeal remained open, even though it appears to involve the same underlying claims and transactions. In 2004, a panel of this court explained that this lawsuit had “a long and tortured history.”
 
 Mickens v. Allen Damron Const. Co.,
 
 890 So.2d 1139, 1140 (Fla. 2d DCA 2004). Four years later, the tale continues.
 

 On July 5, 2007, the trial attorney for Stewart Title Guaranty Company filed a “notice of dismissal for failure to prosecute.” The notice recited that it was filed “pursuant to Florida Rules [sic] of Civil Procedure 1.420(a)” and claims that the
 
 *1161
 
 “defendants” “give notice for an Order Dismissing this action in its entirety” because the last record activity occurred on August 29, 2006. The notice claimed that more than a year had passed without record activity.
 

 This notice is odd for a variety of reasons. First, Florida Rule of Civil Procedure 1.420(a) addresses voluntary dismissal by a party; it has nothing to do with an involuntary dismissal. Second, the period of time between July 5, 2007, and August 29, 2006, is a little more than ten months and is not a year. The record suggests, however, that this was a typographical error because the last record activity occurred on the latter date in 2005. Third, assuming the notice was intended to be filed under rule 1.420(e), a period of ten months was in fact the relevant period, not a year. Effective January 1, 2006, over a year before Stewart Title filed the notice, rule 1.420 was amended.
 
 See In re Amendments to the Fla. Rules of Civil Procedure (Two Year Cycle),
 
 917 So.2d 176, 176-77 (Fla.2005). The prior rule measured failure to prosecute by a one-year period, but the amended rule permits service of a notice of failure to prosecute after ten months without record activity.
 

 Rule 1.420(e) now provides that if no activity occurs in the sixty-day period after the notice, then “the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not.” Mr. and Mrs. Mickens filed a motion to amend and a proposed amended complaint within a few days of receiving the notice. Apparently, because Mr. and Mrs. Mickens filed a motion to amend as record activity, neither Stewart Title nor any other defendant filed a motion to dismiss. Nevertheless, when the trial court conducted a hearing on October 1, 2007, on Mr. and Mrs. Mick-ens’ motion to amend, the court also stated that it was considering a “motion to dismiss for failure to prosecute filed by the defense.” No such motion exists in the record, unless the court was erroneously referring to the notice discussed above.
 

 At the hearing, it appears that the trial court did not understand that rule 1.420(e) had been amended in January 2006. Thus, the court was interested solely in whether there had been record activity in the past year. Although there were four attorneys in attendance at this hearing representing the various defendants, it is disturbing to this court that no attorney spoke up to explain that there was no motion to dismiss pending and that dismissal was improper under the controlling law.
 
 [1]
 
 Simply stated, the trial court erred in granting a motion to dismiss under rule 1.420(e) once Mr. and Mrs. Mickens filed their motion to amend the complaint within sixty days of receiving Stewart Title’s notice. We therefore reverse the order dismissing this case. We affirm the cross-appeal without further comment.
 

 Reversed and remanded.
 

 KELLY and KHOUZAM, JJ„ Concur.
 

 [1]
 

 . Counsel of record in this appeal was not counsel in the trial court and has been completely candid with this court about the content of the record on appeal.