BLACK, Judge.
Martha Hodgson Lee appeals from a final order granting summary judgment in favor of Kevin Hodgson. Although we agree with the trial court’s findings of facts and would otherwise affirm the order on appeal, we are forced to reverse, finding that Hodgson is an indispensable party-
This case concerns the sale of a house in St. Petersburg Beach, Florida. Hodgson and his sister, Mary Cole, a codefendant in the lawsuit, purchased the house on Octo *613 ber 17, 2000. The house was an asset of the Hodgson Family Living Trust (the Trust), of which Ms. Cole is the trustee. Ms. Lee, a beneficiary under the Trust, originally filed suit in November 2005 against Ms. Cole, both as trustee and individually, seeking removal of Ms. Cole as trustee, an accounting, and a surcharge against Ms. Cole for any loss or damage to the Trust as a result of Ms. Cole’s alleged breach of fiduciary duty.
In November 2007, Ms. Lee amended her complaint to add a fourth count seeking to have the sale of the house to Mr. Hodgson and Ms. Cole declared void and joining her brother, Mr. Hodgson, as a defendant. Mr. Hodgson is only a party to count four of the amended complaint and it is only that count on which summary judgment was granted. Although the case remains pending against Ms. Cole, the summary judgment totally disposed of the entire case as to Mr. Hodgson and the action against him was dismissed. Therefore, this court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(k).
Although Ms. Lee raises multiple arguments on appeal, we agree only with Ms. Lee’s contention that summary judgment was inappropriately granted because Mr. Hodgson is an indispensable party. Where a party seeks to have a deed declared void, all holders of legal title to the property are indispensable parties. Allen Damron Constr. Co. v. Mickens, 725 So.2d 1174, 1175 (Fla. 2d DCA 1998); Allman v. Wolfe, 592 So.2d 1261, 1262-63 (Fla. 2d DCA 1992). An indispensable party is one whose legal or beneficial interest in the subject matter makes it impossible to completely adjudicate the matter without affecting that party’s interest. Florida Dep’t of Revenue v. Cummings, 930 So.2d 604, 607 (Fla.2006); Allman, 592 So.2d at 1263 (quoting Grammer v. Roman, 174 So.2d 443, 445 (Fla. 2d DCA 1965)). Thus, because Mr. Hodgson is a grantee under the deed, he is an indispensable party and cannot be dismissed from the suit.
We note that the record otherwise supports a grant of summary judgment. Specifically, Ms. Cole did not breach her duties as trustee by failing to disclose the terms of the sale; Ms. Lee and the other beneficiaries of the Trust were made aware of the purchase price, the contract terms, and the identities of the purchasers. In fact, Ms. Lee and the other beneficiaries, as grantors, executed the deed of sale. There was no breach of any duty by Mr. Hodgson, as beneficiary of the Trust or purchaser, and there is no cognizable claim against Mr. Hodgson.
Because summary judgment for Ms. Cole was not before the court concurrently with Mr. Hodgson’s motion, the court was prohibited from disposing of count four as to both defendants. Therefore, until the court disposes of count four, seeking to have the deed declared void with respect to Ms. Cole, Mr. Hodgson must remain in the case as an indispensable party.
Reversed and remanded for further proceedings consistent with this opinion.
WALLACE and LaROSE, JJ, Concur.