KELLY, Judge.
Mathew Bakala appeals from the order dismissing his lawsuit for failure to prosecute. We reverse because record activity occurred in the case within sixty days after the notice of lack of prosecution was served, thus precluding dismissal under Florida Rule of Civil Procedure 1.420(e).
On September 16, 2005, Mathew filed an action to set aside a quitclaim deed that transferred real property owned solely by his brother, Lawrence Bakala, to joint ownership with his sister, Dorothy Bakala. Mathew also sought to have Lawrence’s will set aside, alleging that Lawrence was not mentally competent to transfer property or to execute a will. The case proceeded with various filings, and trial was eventually set for March 10, 2008. On January 23, 2008, counsel for Mathew and Dorothy entered into a stipulation to continue trial, and on that same date, the trial court entered an order continuing trial. No further activity occurred in the case until May 28, 2010, when the trial court entered a “Motion and Notice and Judgment of Dismissal” requiring Mathew to show good cause at least five days before the hearing date of July 30, 2010, why the action should not be dismissed for lack of prosecution.
On July 22, 2010, eight days before the scheduled hearing, Mathew filed his showing of good cause in which he stated that Dorothy had died on May 30, 2010, that her estate had been opened in the probate court, and that he intended to file a sug- *424 gestión of death and to request the substitution of the personal representative of the estate as party respondent in this action. On July 26, 2010, as promised in the showing of good cause, Mathew filed a suggestion of death and a motion for substitution of party. Following the hearing on July 30, 2010, on the trial court’s notice of potential dismissal, the trial court dismissed the case with prejudice. This was error. Mathew acted within the sixty-day period after the court’s notice of potential dismissal by filing the suggestion of death and motion for substitution, thus precluding dismissal for failure to prosecute. See Fla. R. Civ. P. 1.420(e); Mickens v. Damron, 1 So.3d 1160 (Fla. 2d DCA 2009); Edwards v. City of St. Petersburg, 961 So.2d 1048 (Fla. 2d DCA 2007). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.