DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN F. SCHUTZ, P.L.,**
Appellant,

v.

**ALLY FINANCIAL INC.,** and **JARED SCHWALB,**
Appellees.

No. 4D2024-2838

[March 25, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher and Caryn Siperstein, Judges; L.T. Case No. 502019DR007098XXXXSB.

John F. Schutz of John F. Schutz, P.L., Palm Beach Gardens, for appellant.

Jacob Brandon Hanson and Benjamin Christian of Bradley Arant Boult Cummings LLP, Tampa, for appellee Ally Financial Inc.

CONNER, J.

The appellant, a law firm ("the Firm"), appeals a final judgment imposing a charging lien for unpaid legal fees against its former client, the wife in a dissolution of marriage proceeding. Specifically, the Firm appeals the trial court's denial of the Firm's motion to add the appellee bank as an indispensable party to the charging lien enforcement proceeding and the resulting failure to make the bank liable for unpaid attorney's fees. We affirm the trial court's final judgment adjudicating the charging lien.

*Background*

The wife held two accounts with the bank. One account was determined to be a marital asset, and the other account was non-marital.

While the dissolution proceeding was pending, the Firm withdrew from representing the wife. The Firm filed a "Notice of Charging Lien" for unpaid fees in the dissolution action. The notice did not refer to any assets. Nor did the notice state the lien amount or the fees amount owed. The charging

lien notice was served on the wife and the husband's counsel. The charging lien was not served on any other persons or entities at that time.

Several months later, a final hearing was conducted in the dissolution action. The final judgment distributed all of one account and half of the other account to the wife. Within a few days after the final judgment's entry, the wife withdrew most of the money from both accounts.

Between the final hearing and the final judgment's entry, the Firm sent a letter to the bank, attaching a copy of the charging lien notice which the Firm previously had filed in the dissolution proceeding. The letter identified bank account numbers awarded to the wife, but as stated above, the notice of charging lien did not identify any assets subject to the lien or the lien amount. The bank responded to the Firm's letter with its own letter explaining the bank was not waiving its right to proper process service and the bank would need to be served with a court order.

The Firm moved to adjudicate the amount of its lien. In adjudicating the amount of the lien, the Firm sought to add the bank as an indispensable party to the charging lien litigation because the bank had allowed the wife to draw down the account to a small amount within a few days after the final judgment was entered. The Firm sought to hold the bank liable for making disbursements after having received the Firm's letter and notice of the charging lien several months earlier. The Firm contended that all it had to do was give notice of the charging lien to the bank to make the bank liable for the wife's unpaid fees.

The bank filed a response to the indispensable party motion. The trial court held a hearing on the motion. The trial court disagreed with the Firm's arguments and declined to add the bank as an indispensable party.

The trial court adjudicated the charging lien amount for unpaid attorney's fees owed to the Firm and issued a money judgment against the wife. The Firm gave notice of appeal.

### Appellate Analysis

The Firm argues the trial court erred in denying its motion to add the bank as an indispensable party to the charging lien litigation. The trial court denied the motion after determining that it would be inequitable to impose liability on the bank, as a disinterested third-party financial institution for the unpaid attorney's fees owed by the wife.

Whether a party is indispensable is reviewed de novo. *Century-Nat'l Ins. Co. v. Frantz*, 369 So. 3d 739, 744 (Fla. 2d DCA 2023). Pure questions of law are reviewed de novo. *See Sumner Grp., Inc. v. M.C. Distributec, Inc.*, 949 So. 2d 1205, 1206 (Fla. 4th DCA 2007) (citation omitted). Whether an equitable remedy should be granted if the elements are met is reviewed for abuse of discretion. *See Sch. Bd. of Palm Beach Cnty. v. Groover*, 337 So. 3d 799, 808 (Fla. 4th DCA 2022) ("In general, a trial court's denial of equitable relief is reviewed for an abuse of discretion." (citing *Three Keys, Ltd. v. Kennedy Funding, Inc.*, 28 So. 3d 894, 905 (Fla. 5th DCA 2009))).

Charging liens are an equitable right created under the common law. *CK Regalia, LLC v. Thornton*, 159 So. 3d 358, 360 (Fla. 3d DCA 2015) (citing *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983)). No Florida statute addresses charging liens. For that reason, charging liens are governed by case law. *Mineo Salcedo Law Firm, P.A. v. Cesard*, 333 So. 3d 222, 228 (Fla. 4th DCA 2022) (citing *Sinclair*, 428 So. 2d at 1384–85).

"In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." *Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986) (citations omitted). However, merely filing "a <u>notice of intent</u> to claim a charging lien in the pending original action by the attorney does not establish the attorney's lien against the judgment nor give adequate constructive notice of the attorney's charging lien to parties dealing with the client with respect to the judgment." *Dowda & Fields, P.A. v. Cobb*, 452 So. 2d 1140, 1143 (Fla. 5th DCA 1984) (emphasis added).

Here, as argued by the bank, the Firm's "Notice of Charging Lien" was a <u>notice of intent</u> to seek a charging lien and not an <u>adjudicated lien enforceable as to third parties</u>. The "Notice of Charging Lien" stated nothing as to an amount owed and did not refer to any assets to which the lien would attach. The notice did not identify the bank accounts or the amount encumbered by the charging lien. Thus, the notice was insufficient to impose charging lien liability for unpaid attorney's fees against third parties who had no connection to the underlying litigation.

Below and on appeal, the Firm relied on Florida case law involving charging liens asserted against parties to the underlying litigation or nonparties who funded settlements to resolve the litigation. The Firm also cited cases from other jurisdictions which have statutory provisions governing charging liens. The Firm cited no common law cases allowing a charging lien to be asserted against nonparty persons or entities that did not provide settlement funds or funds to pay a judgment.

3

Because the notice of charging lien filed in this case did not disclose the amount of fees owed to the law firm or identify specific assets to which the lien applied, we agree with the trial court's determination that it would be inequitable to construe charging lien common law to require banks to freeze bank accounts for an unknown period, without a court order stating specifying an amount and the assets to which the charging lien attached.

Because the trial court properly determined the "Notice of Charging Lien" was insufficient to impose liability upon the bank as a matter of equity, the trial court properly denied the Firm's motion to add the bank as an indispensable party to the proceedings.

"An indispensable party is one whose legal or beneficial interest in the subject matter makes it impossible to completely adjudicate the matter without affecting that party's interest." *Lee v. Cole*, 46 So. 3d 612, 613 (Fla. 2d DCA 2010) (emphasis added) (citations omitted). As to the underlying dissolution action, the bank had no interest that needed protection. As to the collateral proceedings to enforce the charging lien, in opposing being added as a party, the bank raised arguments as to why it was not liable under the charging lien. Thus, by opposing being added as a party, the bank opposed its liability under the charging lien, and the trial court was able to determine the bank had a full opportunity to protect its interest, and no need existed to grant the Firm's motion to add an indispensable party.

*Conclusion*

The trial court properly determined that it would be inequitable to impose liability on the bank for payment of the wife's unpaid attorney's fees. The bank had no interest in the dissolution action because it was not a party to the dissolution action and was not involved in obtaining or participating in a settlement of the dissolution action. The Firm has cited no cases imposing charging lien liability under the common law against a nonparty to the underlying suit with no notice of the amount owed or the assets to which the charging lien applies.

*Affirmed.*

KUNTZ, C.J., and SHAW, J., concur.

\*          \*          \*

**Not final until disposition of timely-filed motion for rehearing.**

4