PER CURIAM.
A limited partner appeals from an order denying a motion to vacate an order distributing funds in custody of receiver. We affirm.
The Beach Polo Hotel, Ltd., is a limited partnership formed to develop certain condominium property. In August 1997, two partners sued the general partner of The Beach Polo Hotel, Ltd., alleging breach of fiduciary duty, fraud and misrepresentation. Sutton Enterprises, the limited partner, was not a party to the action.
On January 19, 1998, the plaintiffs moved for removal of the general partner and appointment of a receiver. In February 1998, the trial court appointed a receiver. Several entities moved to intervene after the appointment, including purchase contract holders for units in the property. The limited partner, Sutton, did not seek to intervene, although the *549 record establishes that it had actual knowledge of the proceeding. The trial court granted all but two motions for intervention.
On March 23, 1998, the receiver moved to sell the property of the partnership. The trial court granted the motion. The sale proceeds, after satisfaction of the first mortgage and refund of deposits, were placed in custody of the receiver. Counsel for Sutton, the limited partner, was advised by the general partner’s counsel that the property had been sold and that various claimants sought portions of the proceeds. The general partner’s counsel also counseled Sutton in writing that he should prepare a stipulation for release of the funds to the limited partner. Despite being invited to, the limited partner did not prepare any such stipulation.
Instead, on June 22, 1998, the limited partner filed a motion for distribution of the sale proceeds, claiming entitlement to a superior claim under the partnership agreement. The limited partner served those listed on the receiver’s service list but did not serve the receiver. The limited partner did not notice its motion for hearing.
On July 2, 1998, the trial court discharged the receiver. That same day, the trial court was advised of a stipulation of the parties and entered an order distributing the funds according to the stipulation. The limited partner did not participate in the stipulation and therefore received no funds in the distribution. The limited partner did not appeal the distribution order, as it was not a party.
On September 10, 1998, the limited partner filed a motion to set aside the distribution order alleging lack of notice and fraud. The trial court denied the motion to vacate. We affirm.
Sutton was never a party to the receivership and distribution proceeding because it never intervened, even though it had actual knowledge of the proceeding, and had been counseled to file its claim during the receivership. Instead, Sutton sat on its rights and did nothing until the proceeds had been distributed and the receivership had been dissolved.[1]
A person [or business entity] has no right to shut his eyes or ears to information, and then say that he has no notice. The law will not permit him to remain wilfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand. If he has either actual or constructive information and notice sufficient to put him on inquiry, he is bound, for his own protection, to make that inquiry which such information or notice appears to direct should be made. If he disregards that information or notice which is sufficient to put him on inquiry and fails to inquire and to learn that which he might reasonably be expected to learn upon making such inquiry, then he must suffer the consequence of his neglect.
Applefield v. Commercial Standard Ins. Co., 176 So.2d 366, 377 (Fla. 2d DCA 1965) (citations omitted).
AFFIRMED.

. "Generally the determination of whether there are sufficient facts known to require further inquiry is one of fact that should be determined by the trier of fact.” McDonald, v. McGowan, 402 So.2d 1197, 1200 (Fla. 5th DCA 1981).