ALTENBERND, Judge.
Benito G. Santiago appeals a trial court order enforcing a final judgment. The order compels Mr. Santiago to convey real property to Sunset Cove Investments, Inc. The property in question, however, has already been conveyed by Mr. Santiago to a third party, Chris P. Tsokos, who is not a party to the lawsuit and is not bound by the order on appeal. Although Mr. Santiago appears to be a source of the procedural problems that have arisen in this dispute, the circuit court could not order him to transfer property that he does not appear to currently own. Thus, we reverse the order on appeal. On remand, Sunset Cove must join Mr. Tsokos in this proceeding because he has become an indispensable party to this dispute. We note that the record reflects the existence of another lawsuit between Mr. Tsokos and Mr. Santiago. It appears that consolidation of these proceedings may be appropriate. It would seem that all lawsuits relating to this dispute need to be assigned to one circuit court judge who can bring the matter to a final resolution.
In April 2004, Mr. Santiago owned five parcels of real property.[1] He entered into a commercial real estate contract to sell all five parcels to Sunset Cove. The parties attempted to close on the deal but were unable to do so, apparently due to difficulties obtaining financing. On August 16, 2004, the realtor notified Sunset Cove by a written letter that Mr. Santiago was unwilling to further discuss the April contract.
*12 On August 17, 2004, Sunset Cove filed an action for declaratory judgment against Mr. Santiago seeking specific performance of the contract. It simultaneously recorded a lis pendens.
On March 30, 2005, Sunset Cove and Mr. Santiago executed a mediated settlement agreement in which Mr. Santiago agreed to sell Sunset Cove four of the five real estate parcels with closing to take place within ninety days of the settlement agreement. Rather than stay this lawsuit pending the closing contemplated by the settlement agreement, the parties submitted a final judgment approving, ratifying, and confirming the mediated settlement agreement. This judgment was signed by Judge Perry A. Little on April 18, 2005. Apparently in anticipation of this final judgment, Sunset Cove released its lis pendens on all of the properties on April 11, 2005.
During the ninety-day window for the closing, a disagreement between Mr. Santiago and Sunset Cove developed over the terms of the closing. They disagreed on whether the balloon payment terms in the original contract were carried over to the terms in the mediated settlement agreement. Mr. Santiago maintained that the balloon payment terms carried over to the new terms, and Sunset Cove claimed they did not. Sunset Cove repeatedly attempted to close on the deal without offering a balloon payment.
On May 26, 2005, Sunset Cove filed a motion for order of contempt against Mr. Santiago, along with a motion to enforce the final judgment and mediated settlement agreement. On October 12, 2005, Judge Little entered an order that determined the balloon payment terms were not part of the mediated settlement agreement. Mr. Santiago did not appeal this order.[2]
While the above events were occurring, Mr. Santiago and Mr. Tsokos engaged in conduct that created great confusion in the trial court. During the pendency of the Sunset Cove lawsuit and apparently without notice to Sunset Cove, Mr. Santiago entered into commercial real estate contracts in November 2004 and February 2005 to sell the same properties to Mr. Tsokos for a higher price. After the parties agreed to the mediated settlement agreement, but prior to the entry of the final judgment, Mr. Tsokos filed a separate lawsuit against Mr. Santiago seeking specific performance on his real estate contracts. Sunset Cove was not named as a party in that separate lawsuit. Mr. Tso-kos also recorded a lis pendens on the properties on April 6, 2005.
Mr. Santiago moved to dismiss Mr. Tso-kos’s lawsuit, alleging that Mr. Tsokos had full knowledge of Sunset Cove’s lis pen-dens and that the Tsokos contracts were backup contracts in case the contract with Sunset Cove did not close. Mr. Santiago raised the affirmative defense of impossibility of performance because the property had been effectively transferred to Sunset Cove pursuant to the mediation agreement and the final judgment.
Mr. Tsokos attempted to intervene in the Sunset Cove lawsuit on June 6, 2005. The trial court denied his request to inter *13 vene on June 24, 2005, because the trial court found his contracts were “back up” to the mediation agreement.[3] It is noteworthy that at that point, he was attempting to intervene in a lawsuit in which a final judgment had already been entered and only motions seeking to enforce that judgment were pending.
On September 27, 2005, with the motions to enforce the judgment still pending and scheduled for hearing in the Sunset Cove lawsuit, Mr. Santiago transferred four of the parcels of property to Mr. Tsokos. This was done without the knowledge or consent of either Judge Little or Sunset Cove. Thus, Mr. Santiago conveyed by warranty deed to Mr. Tsokos the four parcels without obtaining an order setting aside the final judgment that had been entered on the mediated settlement agreement.
This sale resulted in Sunset Cove seeking an order of indirect criminal contempt in this case against Mr. Tsokos, even though he was not a party to this lawsuit. Judge Little entered such an order, which this court then quashed in a proceeding in which Mr. Tsokos sought a writ of prohibition. See Tsokos v. Sunset Cove Invs., Inc., 936 So.2d 667 (Fla. 2d DCA 2006). This court’s holding in Tsokos was merely that the trial court could not hold a third person, who was not a party to the lawsuit, in criminal contempt for purchasing the property under these circumstances. Mr. Santiago appears to read our opinion in Tsokos much more broadly than we wrote it. We did not hold that the circuit court lacked power to enforce its judgment against Mr. Santiago if he violated the mediated settlement agreement and the final judgment that had been entered against him.
After this court quashed the order of contempt against Mr. Tsokos, the final judgment had still not been enforced. The property remained titled in Mr. Tsokos’s name. He continued to have a separate lawsuit against Mr. Santiago. As a result of Judge Little’s retirement, the enforcement of the judgment in the Sunset Cove lawsuit came on for hearing before Judge Frank A. Gomez, who was not the assigned judge in the lawsuit filed by Mr. Tsokos. He did his best to attempt to understand the status of the case but was given conflicting arguments on his role in the case and the extent of his power at that point in time. Ultimately, he entered two orders: an order transferring the case to the complex business litigation division where the Tsokos case is apparently pending, and an order enforcing the final judgment by ordering Mr. Santiago to convey the real property to Sunset Cove, which is the order on appeal.[4]
Because the deeds from Mr. Santiago to Mr. Tsokos have never been set aside and are the last deeds of public record, the trial court’s order to enforce the final judgment, if obeyed, would obviously create a cloud on the titles of the relevant properties. This situation has occurred as a result of an order entered in an action where Mr. Tsokos is not a party, *14 despite his efforts to become one. A person whose interests will necessarily be affected by a decree is a necessary and indispensable party. Cline v. Cline, 101 Fla. 488, 495, 134 So. 546 (1931); see Fla. R. Civ. P. 1.210; T-R Indian River Orange Co. v. Keene, 124 Fla. 343, 168 So. 408, 409 (1936) (stating owner of the legal title of land is a necessary party to a suit). At this juncture, Mr. Tsokos holds recorded warranty deeds to the property and his rights would necessarily be affected by the order of enforcement.
It is obvious that only one party can hold good title to these parcels of real estate. It appears that the complex litigation division of the circuit court in the Thirteenth Judicial Circuit now has two pending cases that are worthy of the name given to the division.[5] We reverse the order of enforcement and remand this case to the circuit court with the expectation that it will take all steps necessary to resolve the rights of the parties to this proceeding and those of Mr. Tsokos in appropriate proceedings with due process to all affected parties. One of those necessary steps may be an order prohibiting any party to the proceedings from attempting to transfer title to any affected parcel of real estate without prior order of the court pending resolution of the dispute.
Reversed and remanded.
STRINGER and KELLY, JJ„ Concur.

. The details concerning this real estate are not critical to this opinion, but it appears that the parcels in dispute included two mobile home parks, a house, and some vacant land, all of which were located in Hillsborough County, Florida.

. This order would appear to be an appeal-able order. Because the mediated settlement agreement was reduced to a final judgment, most of the orders entered thereafter are technically nonfinal orders entered after entry of final judgment. See Fla. R.App. P. 9.130(a)(4). They are not the kind of nonfinal orders that can only be appealed within the scope of review provided by a subsequent final judgment. Accordingly, we are inclined to believe that any such order that could have been appealed and was not is now binding on the parties to the proceeding.

. At that point, of course, Mr. Tsokos did not own the property. Because Mr. Tsokos was not a party to the Sunset Cove lawsuit, this ruling did not establish a factual determination that his contract was a backup contract. In retrospect, this dispute might have reached a quicker resolution if Mr. Tsokos had been allowed to intervene.

. The order of enforcement also purports to cause the earlier final judgment to have the effect of a duly executed conveyance and transfer of Mr. Santiago’s rights if he fails to comply with the order of enforcement. Because we reverse the order on the grounds discussed in the body of this appeal, we do not consider the appropriateness of this additional condition.

. We express no opinion as to the validity of the various deeds. The facts contained in this opinion are employed merely to explain the situation and not to become binding on the trial court.