# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0111
Lower Tribunal No. 21-10178
_____

**Parmenia LLC,**
Appellant,

vs.

**Fondo de Inversión Stella,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

AM Law, LLC, and Gary Murphree; Soren Law Group, PA, and Max G. Soren, for appellant.

Ayala Law P.A., and Eduardo A. Maura and Luis F. Quesada, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

BOKOR, J.

Parmenia LLC appeals a grant of partial summary judgment in favor of the plaintiff, Fondo de Inversión Stella ("FIS"), in a declaratory judgment action to determine the validity of a putative transfer of FIS's ownership interest in Parmenia to Atrium Global Investments, Inc. Parmenia alleges that summary judgment was improper because the trial court failed to join Atrium as an indispensable party before rendering a judgment that affected its interests. We agree and reverse.

**FACTS AND PROCEDURAL HISTORY**

FIS is a Peruvian investment fund managed by Lizardo Vargas via entities he controlled, including Parmenia. Parmenia was organized in Miami, Florida, under the sole ownership of FIS. In September 2020, against the backdrop of a dispute between Vargas and FIS's other shareholders over his management, Vargas notified FIS's members that he was transferring FIS's ownership interest in Parmenia to Atrium, a foreign company controlled by Vargas headquartered in the British Virgin Islands, purportedly as a form of collateral against nonpayment of management fees. Neither Parmenia nor FIS authorized Vargas to undertake such a transfer, and the only record evidence of how this putative transfer occurred consists of Vargas's letter to FIS and his testimony about making a QuickBooks log entry recording the transfer.

2

FIS later brought the underlying action in Miami against Parmenia and Vargas, asserting claims for declaratory judgment, conversion, breach of fiduciary duty, and statutory records-inspection violations. FIS subsequently sought to amend its complaint to add Atrium as a defendant, noting that any judgment "will necessarily affect Atrium, and without it, a complete determination of the questions involved in the action cannot be made." Atrium responded by moving to dismiss for lack of personal jurisdiction and forum non conveniens, and the trial court granted this motion without prejudice. FIS filed amended complaints also naming Atrium as a party, though after Atrium moved for dismissal of the third amended complaint, FIS voluntarily dismissed Atrium as a defendant.

FIS moved for summary judgment, claiming that because Vargas had no authority to unilaterally transfer ownership of Parmenia from FIS to Atrium, the transfer was void as a matter of law. In opposition, Parmenia argued in part that summary judgment was improper because Atrium was not joined as an indispensable party. The trial court granted summary judgment in favor of FIS, and this appeal followed.

## ANALYSIS

Summary judgment is appropriate only when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

3

to judgment as a matter of law. Fla. R. Civ. P. 1.510(a). We review a trial court's ruling on a motion for summary judgment de novo. See, e.g., Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006).

So, based on the record evidence presented, was Atrium an indispensable party, whose absence should have precluded summary judgment in favor of FIS regarding ownership of Parmenia? "Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder. . . . A final decision will bind those parties joined in the suit, but will have no effect on the rights of necessary but unjoined parties." Hertz Corp. v. Piccolo, 453 So. 2d 12, 14 n.3 (Fla. 1984); see also Cline v. Cline, 134 So. 546, 548–49 (Fla. 1931) ("[P]ersons whose interests will necessarily be affected by any decree that can be rendered in a cause are necessary and indispensable parties and . . . the court will not proceed without them."); MBC Gospel Network, LLC v. Florida's News Channel, LC, 277 So. 3d 647, 650 (Fla. 1st DCA 2019) ("In determining whether a party is indispensable, the relevant question is not whether the action may proceed efficiently without the missing party, but whether the action can proceed at all without that party." (quotation omitted)).

The Declaratory Judgment Act provides that "[w]hen declaratory relief is sought, all persons may be made parties who have or claim any interest

which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceedings." § 86.091, Fla. Stat. This requirement "expressly contemplates the existence of persons who are not parties to the declaratory proceedings yet whose rights are implicated therein." Century-National Ins. Co. v. Frantz, 369 So. 3d 739, 744 (Fla. 2d DCA 2023). An owner or claimed owner of property generally has an indispensable interest in the outcome of a case determining title to that property. See Cline, 134 So. at 549 (finding competing putative owners indispensable to property partition action); Lee v. Cole, 46 So. 3d 612, 613 (Fla. 2d DCA 2010) ("Where a party seeks to have a deed declared void, all holders of legal title to the property are indispensable parties."); Carbon Cap. II v. Est. of Tutt, 107 So. 3d 1239, 1245 (Fla. 3d DCA 2013) (finding competing claimants to property indispensable where failure to join missing party risked resulting in conflicting orders from multiple jurisdictions).

FIS reasons that, despite the general rule that a competing ownership interest necessarily constitutes an indispensable party, the facts here warrant a different outcome. Atrium wasn't indispensable, FIS claims, for two reasons. Neither reason supports FIS's contention that Atrium isn't an indispensable party.

5

First, FIS contends that the circumstances surrounding Vargas's actions show that the transfer of Parmenia to Atrium was intended to be temporary. FIS claims the undisputed evidence shows that the transfer was just to secure payment of disputed management fees and was never intended to be permanent. But even if true, FIS provides no support, and indeed none exists, for the proposition that it can avoid the general rule regarding the indispensability of a putative nonparty owner simply because it claims that the nonparty intends at some point in the future to give its assets back. Notwithstanding the speculative nature of such an intention, Atrium would still be the current putative owner of Parmenia and an indispensable party to any ownership determination.

Second, FIS claims that the record evidence conclusively demonstrates that no transfer of ownership of Parmenia to Atrium actually occurred. Because there's no indicia of a transfer of ownership other than a self-serving letter or testimony regarding a QuickBooks entry, FIS contends that Atrium has nothing to do with the dispute. We take no position on the validity or methodology of the transfer itself except to note that the limited evidence in the record does not conclusively demonstrate one way or the other whether a transfer occurred or whether Vargas lacked authority to make the transfer. Absent more, Atrium remains an indispensable party.

6

The trial court erred by granting summary judgment, and we reverse and remand for additional proceedings. We take no position on whether those further proceedings consist of a last attempt to amend to add Atrium as a party if possible, or Parmenia fleshing out the factual record and legal argument regarding an ineffective transfer.

Reversed and remanded for further proceedings consistent with this opinion.